**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JAMES MARION CROW                                                                            PLAINTIFF

V.                                        3:13CV00219 BSM/HDY

MATT HALL                                                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>           proof, and a copy, or the original, of any documentary or
>           other non-testimonial evidence desired to be introduced at
>           the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff James Marion Crow filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on October 11, 2013, alleging that he was denied adequate medical care. On December 18, 2013, Defendant Matt Hall filed a motion to dismiss, along with a brief in support (docket entries #8 & #9). Although Plaintiff has been ordered to file a response and given additional time to do so (docket entry #10), he has not responded. In fact, mail sent to Plaintiff's address of record has been returned as undeliverable (docket entry #11).

### I. Standard of review

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice

<mark>2</mark>

and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

In his motion, Defendant asserts that Plaintiff's complaint should be dismissed because he failed to expressly state whether he was suing him in his official or individual capacity, and that Plaintiff's complaint should therefore be construed to contain official capacity claims only. Defendant contends that because Plaintiff did not assert that any of the alleged constitutional violations were the result of an official policy, custom, or procedure, of Craighead County, his claim should be dismissed.

Even after Defendant's motion put Plaintiff on notice as to the deficiencies of his complaint, Plaintiff failed to amend the capacity statement therein. As Defendant notes, in the absence of a statement that he is suing a defendant in his individual capacity, Plaintiff's complaint must be construed as containing only official capacity claims. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). A suit against a county employee in his official capacity is treated as a suit against the county. *Liebe v. Norton*, 157 F.3d 574, 578 (8th Circuit 1998). Because Plaintiff failed to allege that Defendant's actions were taken pursuant to an official departmental

policy, custom, or procedure, his complaint therefore fails to state a claim for relief.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT

1. Defendant's motion to dismiss (docket entry #8) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __31__ day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] A local government may not be sued under section 1983 on a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). In order to establish municipal liability, plaintiff must prove a policy, practice, or custom, attributable to the municipality, and show that the policy, practice, or custom, directly caused a constitutional injury. *See also Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004).